## No. 12,669.

### CHRISTIAN KLINE VS. SUCCESSION OF THOMAS B. MURPHEY, JOHN D. MURPHEY, ADMINISTRATOR.

The amount realized from a sale of the property under foreclosure proceedings had been paid out to creditors with the consent of all concerned. There remained in the hands of the sheriff for distribution an amount less than the lower limit of the court's jurisdiction, and the claim of the opponent was also less than that limit. The court had no jurisdiction.

APPEAL from the Twentieth Judicial District Court for the Parish of Ascension. *Guion, J.*

---

*Edward N. Pugh* for Plaintiff, Appellee.

*Edmund Maurin* for A. Wilbert's Sons Lumber and Shingle Company, Third Opponent, Appellant.

---

Argued and submitted December 29, 1897.
Opinion handed down January 10, 1898.
Rehearing refused April 18, 1898.

---

### On Motion to Dismiss the Appeal.

The opinion of the court was delivered by

BREAUX, J.   The parties to this litigation claimed a preference over the funds in the hands of the sheriff to be distributed.

The plaintiff, Christian Kline, proceeded *via executiva* in forclosing his mortgage.   The property seized was sold for three thousand five hundred dollars.

We are informed by the sheriff's return on the writ of seizure and sale that the costs of the foreclosure amounted to one hundred and fifty-five dollars; that the claim secured by privilege amounted to one hundred and sixty-six dollars and seventy-eight cents; that he retained in his hands six hundred dollars under an order of court to meet any indebtedness to A. Wilbert's Sons Lumber and Shingle Company, and the remainder of the purchase price was paid to the attorney for Christian Kline, the plaintiff.

The order issued in accordance with the petition of Wilbert's Sons Lumber and Shingle Company, third opponents, directed the sheriff to retain in his hands until further order of the court sufficient of the proceeds of the sale to pay its claim.

The sheriff complied strictly with the order, retained the fund stated and paid the remainder of the funds to those who were entitled to receive them.   There was not the least opposition raised to this payment.

The only question remaining for decision is whether the intervenors, Wilbert's Sons & Co. are entitled to the fund and privilege they claim.

The amount of their claim is less than the lower limit of this court's jurisdiction and the proceeds of the sale they claim is also less than that jurisdiction.

The appeal must therefore be dismissed.   We have no discretion in the matter.

It is ordered and adjudged that the appeal is dismissed.

## ON APPLICATION FOR REHEARING.

BLANCHARD, J. Third opponents, A. Wilbert's Sons Lumber and Shingle Company, claimed three hundred dollars with eight per cent. interest from July 23, 1895, and two hundred dollars with like rate of interest from September 1, 1894.

They asserted a superior privilege upon certain buildings and improvements, consisting of stables, sheds, etc., and upon the lot of ground not exceeding one acre upon which the stables and sheds were erected.

This was part of the mortgaged property.

They asked separate appraisement of this property. It was separately appraised.

They asked an order to the sheriff to hold in his hand, not the entire proceeds of this property, but " sufficient of the proceeds " to satisfy opponent's claim by preference over other creditors.

The order of court, accordingly, was that the sheriff retain in his hands sufficient of the proceeds to satisfy the demand of this third opponent.

This order the sheriff complied with. He estimated that six hundred dollars would cover the claim, retained that sum and paid over the remainder to the parties in interest.

The only fund tied up by this order was what the sheriff estimated was sufficient to meet the claim. The order of court, indirectly at least, required him to make this estimate, since it directed him to retain only an amount sufficient to meet third opponent's claim. In making this estimate the sheriff did so at his peril—that is to say, if he had retained an insufficient sum the complainants could have held him responsible for the deficit.

But the crucial fact in determining the question of jurisdiction here raised is, the order of court did not require to be held back, and the sheriff did not hold back, a sum sufficient to vest this court with jurisdiction. The fund in dispute, so far as these complainants are concerned, made so by their own pleadings and by the action of the court invoked by them, is not the entire sum of the proceeds of the sale of the mortgaged property, but that part of it only which the sheriff was directed to reserve in his hands pending the litigation.

There was no appeal by any of the other parties having an interest in the fund.

The complainants herein come before the court with a claim of only five hundred dollars, principal, and with a fund reserved in the sheriff's hands, as the result of their own act, of only six hundred dollars. How can it be claimed that this court is vested with jurisdiction *ratione materiæ*?

In its facts herein stated this case is to be distinguished from Murray vs. Sweeney, 48 An. 760, relied on by counsel for opponents as establishing a different rule. But even there the court stated that the amount of the fund in the sheriff's hands is the test of the right of appeal.

Here the amount left in the hands of the sheriff was less than the lower jurisdictional limit of this court.

Rehearing refused.